**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CA 05 385 T

| | | |
|---|---|---|
| **ANTHONY DELFARNO,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.______** |
| **vs.** | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| **Defendant.** | ) | |

## FEDERAL EXPRESS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Federal Express Corporation ("FedEx"), respectfully submits the following answer to Plaintiff Anthony Delfarno's ("Plaintiff") Complaint as follows:

**PARTIES**

1. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 and, therefore, denies same.

2. In response to the allegations contained in Paragraph 2, FedEx admits only that it is a Delaware corporation authorized to and doing business in the state of Rhode Island. FedEx affirmatively avers that its principal place of business is located in Memphis, Tennessee. FedEx also affirmatively avers that it is an all-cargo airline operating under authority granted by the Federal Aviation Administration..

3. No response is required to the allegations contained in paragraph 3.

## FACTUAL BACKGROUND

4. In response to the allegations contained in paragraph 2, FedEx affirmatively avers that it is an all-cargo airline operating under authority granted by the Federal Aviation Administration with its principal place of business located in Memphis, Tennessee.

5. FedEx admits only that on or about February 2, 2005, subject to the terms and conditions of the contract of carriage, as evidenced by the airbill under which the shipment was traveling and the applicable FedEx Service Guide incorporated therein by reference, FedEx accepted a shipment for delivery from Warwick, Rhode Island to Miami, Florida (the "Shipment"), that said package was traveling under airbill number 846534592581 showing a declared value of $22,000; that said shipment listed Anthony Delfarno, ADF, Inc., 99 Jefferson Blvd., Warwick, RI 22108 as the shipper and ken Kendell, Gallery Art, 20633 Biscayne Blvd., Miami, FL 33180 as the recipient. Otherwise, denied.

6. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 6 and, therefore, denies same. FedEx specifically denies that it had knowledge of the contents of the shipment.

7. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that Plaintiff consulted with a FedEx representative. FedEx specifically denies that it offers insurance. Declared Value is not the same as insurance. FedEx admits that Plaintiff paid for a declared value for the shipment transported under airbill number 8465 3459 2581, pursuant to the terms and conditions of the contract of carriage. FedEx is without knowledge at this time as to whether or not Plaintiff paid for a declared value for the shipment traveling under airbill number 8465 3459 3570.

8. FedEx admits only that it has been able to locate records for airbill number 846534592581, and that Plaintiff did ship a package using that airbill number. FedEx is without knowledge as to a shipment using airbill number 8465 3459 3570.

9. FedEx admits only that Plaintiff shipped a package under airbill number 846534592581. FedEx has not yet found records regarding Plaintiff's shipment under airbill number 8465 3459 3570.

10. FedEx admits that Plaintiff paid to ship a package under number 846534592581. FedEx is without knowledge as to a shipment using airbill number 8465 3459 3570.

11. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 and, therefore, denies same.

12. FedEx denies the allegations contained in Paragraph 12.

13. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13.

14. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14.

15. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15.

## COUNT I
## BREACH OF BAILMENT

16. FedEx repeats and incorporates its responses by reference paragraphs 1 through 15 above as if fully set forth herein.

17. In response to the allegations contained in Paragraph 17, FedEx admits only that Plaintiff and FedEx contracted for the shipment of a package or packages subject to the terms and conditions of the contract of carriage.

18. In response to the allegations contained in Paragraph 18, FedEx admits only that Plaintiff and FedEx contracted for the shipment of a package or packages subject to the terms and conditions of the contract of carriage.

19. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19.

20. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20.

21. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21.

The remaining allegations contained in Count I are a demand for judgment to which no response is required. To the extent a response is required, FedEx denies same.

**COUNT II**
**BREACH OF CONTRACT**

22. FedEx repeats and incorporates its responses by reference paragraphs 1 through 21 above as if fully set forth herein.

23. In response to the allegations contained in Paragraph 23, FedEx admits only that Plaintiff and FedEx contracted for the shipment of a package or packages subject to the terms and conditions of the contract of carriage.

24. In response to the allegations contained in Paragraph 24, FedEx admits only that Plaintiff and FedEx contracted for the shipment of a package or packages subject to the terms and conditions of the contract of carriage.

25. FedEx denies the allegations contained in Paragraph 25.

26. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26.

The remaining allegations contained in Count II are a demand for judgment to which no response is required. To the extent a response is required, FedEx denies same.

**COUNT III**
**NEGLIGENCE**

27. FedEx repeats and incorporates its responses by reference paragraphs 1 through 26 above as if fully set forth herein.

28. FedEx denies the allegations contained in Paragraph 28 as stated. FedEx avers that any duties it owed Plaintiff were contained in the terms and conditions of the contract of carriage, which was embodied in the airbill and the Service Guide incorporated by reference.

29. FedEx denies the allegations contained in Paragraph 29.

30. FedEx denies the allegations contained in Paragraph 30.

**COUNT IV**
**R.I.G.L. § 9-1-45**

31. FedEx repeats and incorporates its responses by reference paragraphs 1 through 30 above as if fully set forth herein.

32. FedEx denies the allegations contained in Paragraph 32.

The remaining allegations contained in the Complaint constitute a demand for relief to which no responsive pleading is required. To the extent a response is required, FedEx denies that the Plaintiff is entitled to the relief sought.

Each and every allegation contained in the Complaint not heretofore admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the contract of carriage as evidenced by the language found on the airbill which accompanied the shipment at issue and by the terms and conditions of the applicable FedEx Service Guide incorporated into the airbill by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by the federal common law applicable to federally certificated air carriers. *American Airlines v. Wolens*, 513 U.S. 219, 115 S. Ct. 817, 130 L.Ed.2d 715 (1995); *Sam Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997); 49 U.S.C. §41713; Airline Deregulation Act, 49 U.S.C. §41713.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its own breach of contract, or the breach of contract of its agents, employees or representatives.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited by its own assumption of risk or the assumption of risk by its agents, employees, or representatives.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred or limited by its own negligence, or the negligence of its agents, employees, or representatives.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that there may be other persons or entities who may or may not have been named and/or served in this action who are at fault with respect to the matters referred to in the Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

WHEREFORE, Defendant FedEx requests judgment dismissing the Complaint filed herein, together with the costs and disbursements of this action.

Dated: This the 9th day of September, 2005.

Respectfully Submitted,

Robert W. Smith - #1874
ARMSTRONG, GIBBONS & GNYS, L.L.P.
155 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 751-1500
Telefax: (401) 751-4124

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid, this 9th day of September 2005 to: **Christophepr J . O'Connor, Esquire,** Poore & Rosenbaum, L.L.P., 30 Exchange Terrace, Providence, Rhode Island 02903.